**FILED**
**JANUARY 22, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Linda L. Christiansen,<br>　　　Plaintiff,<br><br>　　v.<br><br>Southern Capital Associates, Inc.,<br>　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)　Jury Demanded<br>) |

**08 C 456**

**JUDGE ZAGEL**
**MAGISTRATE JUDGE COX**

## COMPLAINT

### MATTERS COMMON TO MULTIPLE COUNTS

### INTRODUCTION

1. Plaintiff Linda L. Christiansen brings this action to secure redress for defendant Southern Capital Associates, Inc,'s ("SCA") violation of the Fair Debt Collection Practices Act ("FCRA") 15 U.S.C. §1692 et seq.

### JURISDICTION AND VENUE

2. This Court has federal subject matter jurisdiction under 28 U.S.C. §§1331 and 1337, and 15 U.S.C. § 1681p. Venue lies in this district because a substantial portion of the events took place here, and because defendant performs collections here. 28 U.S.C. § 1391.

### PARTIES

3. Plaintiff is an individual who resides in this District.

4. Defendant Southern Capital Associates Inc. is a debt purchasing and collection agency. It is located at 6929 Williams Road, Suite 127, Niagara Falls, NY 14304.

### FACTS

5. Defendant or its agent has been attempting to collect an alleged debt from plaintiff for approximately a year and a half.

6. During that time, plaintiff's primary source of income has been social security.

Despite this, she has offered to make whatever payments she could to defendant.

7. Defendant has refused to take the small payments plaintiff offered to make.

8. In or about September or October 2007, defendant became adamant that it must be paid. It demanded $1,500 from plaintiff, and threatened to sue plaintiff.

9. The person plaintiff spoke with on the telephone at this time called himself, "Greg Weinstein," and purported to be an attorney.

10. On information and belief, Mr. Weinstein is an employee of defendant whose job is to collect debts. On information and belief, Mr. Weinstein works on a commission, based upon how much money he collects. On information and belief, based upon a search of an official list of licensed New York attorneys, Mr. Weinstein is not an attorney.

11. On October 2, 2007, SCA attempted to take $1,500 from plaintiff's bank account.

12. SCA did not have plaintiff's authorization to take any money from plaintiff's bank account.

13. Plaintiff called SCA to complain when she learned of the withdrawal. SCA told plaintiff that she should dispute the payment with plaintiff's bank, instead of giving the money back itself.

14. On about October 16, 2007, plaintiff disputed the withdrawal with her bank. SCA did not receive the funds, either due to insufficient funds in plaintiff's account, or due to plaintiff's dispute of the withdrawal.

### COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

15. Plaintiff incorporates paragraphs 1-14.

16. Defendant violated the FDCPA in its dealings with plaintiff.

17. For example, 15 U.S.C. § 1692e, entitled "False or misleading representations" states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

18. Defendant violated §§ 1692e(5) and (10) when it took or attempted to take plaintiff's money without her authorization.

19. On information and belief, Greg Weinstein is not an attorney, and his assertion that he was an attorney violated §§ 1692e(3) and (10).

20. Mr. Weinstein's assertion that he would sue plaintiff was a threat to take an action that defendant never intended to take in violation of §§ 1692e(5) and (10).

WHEREFORE, plaintiff request that the Court enter judgment in favor of plaintiff, and against defendant for:

  A. Statutory damages;

  B. Actual damages;

  C. Attorney fees and costs pursuant to 15 U.S.C. §1692k; and

  D. Any other relief the Court deems just and proper.

## COUNT II - ELECTRONIC FUNDS TRANSFER ACT

21. Plaintiff incorporates paragraphs 1-14.

22. The Electronic Funds Transfer Act,, 15 U.S.C. § 1693e, entitled "Preauthorized transfers" states:

> (a) A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made. A consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer. The financial institution may require written confirmation to be provided to it within fourteen days of an oral notification if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent.

> (b) In the case of preauthorized transfers from a consumer's account to the same person which may vary in amount, the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Board, of the amount to be transferred and the scheduled date of the transfer.

23. Defendant violated the Electronic Funds Transfer Act § 1693e(a) by taking money from plaintiff's bank account without plaintiff's written authorization.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, and against defendant for:

    A. Statutory damages

    B. Actual damages for inconvenience associated with defendant's actions;

    C. Attorney fees and costs pursuant to 15 U.S.C. §1693m; and

    D. Any other relief the Court deems just and proper.

Respectfully Submitted

/s/ Keith J. Keogh
Keith J. Keogh

Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe St., Suite 2000
Chicago, Illinois 60606
(312) 726-1092 (office)
(312) 726-1093 (fax)

**JURY DEMAND**

Plaintiff demands trial by jury.

/s/ Keith J. Keogh
Keith J. Keogh

5