IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Linda L. Christiansen | ) | CASE NO.: 08-cv-00456 |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Southern Capital Associates, Inc. | ) | |
|     Defendant | ) | |

### SOUTHERN CAPITAL ASSOCIATES, INC.'S ANSWER
### TO PLAINTIFF'S COMPLAINT

Defendant Southern Capital Associates, Inc. ("SCA") as and for its Answer to the Complaint of Linda L. Christiansen ("Plaintiff"), in the above-entitled matter, denies each and every allegation contained therein, unless otherwise admitted or otherwise qualified herein, and further states and alleges as follows:

### INTRODUCTION

1.  Plaintiff Linda L. Christiansen brings this action to secure redress for defendant Southern Capital Associates, Inc.'s ("SCA") violation of the Fair Debt Collection Practices Act ("FCRA") 15 U. S.C. §1692 et seq.

**ANSWER**: **In response to paragraph 1 of Plaintiff's Complaint, SCA admits that Plaintiff has commenced this action alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* but denies that it violated any law.**

### JURISDICTION AND VENUE

2.  This Court has federal subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337, and 15 U.S.C. § 1681p. Venue lies in this district because a substantial portion of the events took place here, and because defendant performs collections here. 28 U.S.C. § 1391.

1104939v2

**ANSWER:** **In response to paragraph 2 of Plaintiff's Complaint, SCA admits that the statutes referenced confer jurisdiction and venue upon this Honorable Court but denies that it violated any law to subject it to jurisdiction.**

## PARTIES

3. Plaintiff is an individual who resides in this District.

**ANSWER:** **SCA has insufficient information and knowledge to admit or deny the allegations set forth in paragraph 3 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.**

4. Defendant Southern Capital Associates Inc. is a debt purchasing and collection agency. It is located at 6929 Williams Road, Suite 127, Niagara Falls, NY 14304.

**ANSWER:** **In response to paragraph 4 of Plaintiff's Complaint, SCA admits that it is a debt purchasing and collection agency but denies the remaining allegations set forth therein.**

## FACTS

5. Defendant or its agent has been attempting to collect an alleged debt from plaintiff for approximately a year and a half.

**ANSWER:** **SCA denies the allegations set forth in paragraph 5 of Plaintiff's Complaint.**

6. During that time, plaintiff's primary source of income has been social security. Despite this, she has offered to make whatever payments she could to defendant.

**ANSWER**: **SCA has insufficient information and knowledge to admit or deny the allegations set forth in paragraph 6 of Plaintiff's Complaint and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.**

7. Defendant has refused to take the small payments plaintiff offered to make.

**ANSWER:** **SCA denies the allegations set forth in paragraph 7 of Plaintiff's Complaint.**

8. In or about September or October 2007, defendant became adamant that it must be paid. It demanded $1,500 from plaintiff, and threatened to sue plaintiff.

**ANSWER:** **SCA denies the allegations set forth in paragraph 8 of Plaintiff's Complaint.**

9. The person plaintiff spoke with on the telephone at this time called himself, "Greg Weinstein," and purported to be an attorney.

**ANSWER:** **SCA denies the allegations set forth in paragraph 9 of Plaintiff's Complaint.**

10. On information and belief, Mr. Weinstein is an employee of defendant whose job is to collect debts. On information and belief, Mr. Weinstein works on a commission, based upon how much money he collects. On information and belief, based upon a search of an official list of licensed New York attorneys, Mr. Weinstein is not an attorney.

**ANSWER:** **SCA denies the allegations set forth in paragraph 10 of Plaintiff's Complaint.**

11. On October 2, 2007, SCA attempted to take $1,500 from plaintiff's bank account.

**ANSWER:** **In response to the allegations set for in paragraph 11 of Plaintiff's Complaint, SCA states that it attempted to receive the funds promised to it by Plaintiff as per her instructions.**

12. SCA did not have plaintiff's authorization to take any money from plaintiff's bank account.

**ANSWER:    SCA denies the allegations set forth in paragraph 12 of Plaintiff's Complaint.**

13.    Plaintiff called SCA to complain when she learned of the withdrawal. SCA told plaintiff that she should dispute the payment with plaintiff's bank, instead of giving the money back itself.

**ANSWER:    SCA denies the allegations set forth in paragraph 13 of Plaintiff's Complaint.**

14.    On about October 16, 2007, plaintiff disputed the withdrawal with her bank. SCA did not receive the funds, either due to insufficient funds in plaintiff's account, or due to plaintiff's dispute of the withdrawal.

**ANSWER:    In response to the allegations set forth in paragraph 14 of Plaintiff's Complaint, SCA states that it received the funds and has insufficient information and knowledge to admit or deny the remaining allegations set forth therein and therefore denies the same and puts Plaintiff to her strictest burden of proof thereof.**

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

15.    Plaintiff incorporates paragraphs 1-14.

**ANSWER:    In response to paragraph 15 of Plaintiff's Complaint, SCA restates and realleges by reference each and every paragraph of this Answer as though fully set forth herein.**

16.    Defendant violated the FDCPA in its dealings with plaintiff.

**ANSWER:    SCA denies the allegations set forth in paragraph 16 of Plaintiff's Complaint.**

17. For example, 15 U.S.C. § 1692e, entitled "False or misleading representations" states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (3) The false representation or implication that any individual is an attorney or that any communication is from an attorney.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

**ANSWER:** **In response to paragraph 17 of Plaintiff's Complaint, SCA states that 15 U.S.C. § 1692e speaks for itself, while denying the allegations set forth to the extent, if any, that they misinterpret and/or misconstrue this statute or case law interpreting this statute.**

18. Defendant violated §§ 1692e(5) and (10) when it took or attempted to take plaintiff's money without her authorization.

**ANSWER:** **SCA denies the allegations set forth in paragraph 18 of Plaintiff's Complaint.**

19. On information and belief, Greg Weinstein is not an attorney, and his assertion that he was an attorney violated §§ 1692e(3) and (10).

**ANSWER:** **SCA denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.**

20. Mr. Weinstein's assertion that he would sue plaintiff was a threat to take an action that defendant never intended to take in violation of §§ 1692e(5) and (10).

**ANSWER:**   SCA denies the allegations set forth in paragraph 20 of Plaintiff's Complaint.

## COUNT II - ELECTRONIC FUNDS TRANSFER ACT

21. Plaintiff incorporates paragraphs 1-14.

**ANSWER:**   **In response to paragraph 21 of Plaintiff's Complaint, SCA restates and realleges by reference each and every paragraph of this Answer as though fully set forth herein.**

22. The Electronic Funds Transfer Act,, 15 U.S.C. § 1693e, entitled "Preauthorized transfers" states:

> (a) A preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made. A consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer. The financial institution may require written confirmation to be provided to it within fourteen days of an oral notification if, when the oral notification is made, the consumer is advised of such requirement and the address to which such confirmation should be sent.
>
> (b) In the case of preauthorized transfers from a consumer's account to the same person which may vary in amount, the financial institution or designated payee shall, prior to each transfer, provide reasonable advance notice to the consumer, in accordance with regulations of the Board, of the amount to be transferred and the scheduled date of the transfer.

**ANSWER:**   **In response to paragraph 22 of Plaintiff's Complaint, SCA states that 15 U.S.C. § 1693e speaks for itself, while denying the allegations set forth to the extent, if any, that they misinterpret and/or misconstrue this statute or case law interpreting this statute.**

23. Defendant violated the Electronic Funds Transfer Act § 1693e(a) by taking money from plaintiff's bank account without plaintiff's written authorization.

**ANSWER:** SCA denies the allegations set forth in paragraph 23 of Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to states a cause of action upon which relief may be granted.

### SECOND DEFENSE

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, if applicable, which SCA denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### THIRD DEFENSE

SCA affirmatively asserts that this Court lacks subject matter jurisdiction over this Complaint as there has been no violation of the law.

### FOURTH DEFENSE

SCA asserts that it is not a financial institution under the Electronic Transfer Funds Act ("ETFA"), 15 U.S.C. § 1693 *et seq*.

**WHEREFORE,** SCA prays for an order and judgment of this Court in its favor against Plaintiff as follows:

1. Dismissing all causes of action against SCA with prejudice and on the merits;
2. Awarding SCA such other and further relief as the Court deems just and equitable.

Dated: March 10, 2008

        Respectfully Submitted,

        SOUTHERN CAPITAL ASSOCIATES, INC

        By:   /s/ J. Michael True
               Attorney # 6279941
               Attorney for Defendant
               Messer & Stilp, Ltd. #36703
               166 W. Washington, Suite 300
               Chicago, IL 60602
               (312) 334-FIRM (3476)
               (312) 334-3404 (Fax)
               true@messerstilp.com

CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2008, I electronically filed the foregoing with the Clerk of the District Court using the CM/ECF system, which will send notification of such filing to the following:

    Attorneys for Plaintiff
    Keith J. Keogh
    Alexander H. Burke
    Law Offices of Keith J. Keogh, Ltd.
    227 W. Monroe St., Suite 2000
    Chicago, IL 60606
    (312) 726-1092
    (312) 726-1093 (Fax)
    Keith@Keoghlaw.com
    aburke@keoghlaw.com

    /s/ J. Michael True
    Attorney # 6279941
    Attorney for Defendant
    Messer & Stilp, Ltd. #36703
    166 W. Washington, Suite 300
    Chicago, IL 60602
    (312) 334-FIRM (3476)
    (312) 334-3404 (Fax)
    true@messerstilp.com