IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Linda L. Christiansen | ) | CASE NO.: 08-cv-00456 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Southern Capital Associates, Inc. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff Linda L. Christiansen ("Plaintiff") and Defendant Southern Capital Associates, Inc. ("Defendant") through their attorneys of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and among the parties to this action relating to trade secrets, confidential research, training and development, technology or other proprietary information belonging to Defendant and/or personal income, credit and other confidential information of Plaintiff.

WHEREAS, this matter having come before the Court on a stipulation by the parties for a protective order, and the Court having been fully advised,

IT IS HEREBY ORDERED that the following shall govern pretrial procedures:

1.　For purposes of this Order, the term "Confidential Information" shall mean confidential and proprietary information, trade secrets, research, training and development, financial, competitive, marketing, strategic planning or other commercial information, or writings for which such attorney believes in good faith that (a) secrecy is in the public interest, (b) the proponent or third party has a cognizable interest in the material (i.e., the material

1140930v3

contains privileged information, or is otherwise protected by law from disclosure), and/or (c) for which disclosure would likely cause serious harm (hereinafter "Confidential Information"). Confidential Information shall not be construed to cover items lawfully obtained by a party independently of this litigation.

2. This Order shall apply to any documents, testimony or information produced during this action which is asserted by the parties as containing or constituting confidential information. Information, documents or testimony subject to this Order shall be referred to herein as Confidential Information, as described above. Information, documents or testimony will be designated by the parties by writing/stamping the term "Confidential" on the document in such a manner as will clearly designate the material as falling within this Order. Moreover, a party shall designate testimony from a deposition as "Confidential" by notifying all parties either during the deposition or, in writing, within thirty (30) days of receipt of the transcript, of the specific pages and lines of the transcript which contain Confidential Information. The parties shall attach a copy of such written notice to the face of the transcript and each copy thereof in its possession, custody or control.

3. Except as otherwise provided herein, Confidential Information shall remain at all times in the custody of the counsel for the parties and shall not be provided by that party, or that party's attorney, to anyone, including, without limitation, any natural person or entity, partnership, corporation, any representative of the news media, or any federal, state, or local governmental agency or official, unless required by Court Order. Confidential Information will be used solely in connection with the litigation between the parties, the preparation and trial of this litigation, and/or any related appellate proceedings, and not for any other purpose, such as

any other pending litigation, release to the media, or for any business, commercial or other competitive purposes.

4. Nothing in this Order shall preclude either the parties or counsel in this litigation from showing or providing Confidential Information to any of the following:

(a) Counsel for any party;

(b) The parties;

(c) Any paralegal, stenographic, clerical, and/or secretarial personnel employed by counsel;

(d) Court personnel including stenographic reporters involved in any hearings, trials or other proceedings related to the litigation between the parties;

(e) Any outside expert or consultant retained in connection with the litigation between the parties;

(f) Any witness in a deposition proceeding or at trial, but the witness may not leave the deposition with any copy of Confidential Information and will be bound by the provisions of this protective order; and

(g) Any witness or potential witness whom counsel believes, in good faith, has a legitimate need to review said Confidential Information for the purpose of assisting counsel in preparing or conducting pre-trial or trial proceedings in the litigation between the parties.

5. In the event that any Confidential Information is to be provided in accordance with Paragraph 4(c)-(g), above, the party intending to provide such Confidential Information shall not do so unless and until the intended recipient has been advised of the terms of this Order and has agreed that he or she agrees to be bound by the Order and subject to the jurisdiction of

the court in this matter with respect to any proceedings relating to the enforcement of this Order, including, without limitation, any proceeding for contempt, and has signed a copy of Exhibit "A" hereto.

6. If the Court orders, or if the parties agree that access to, or the dissemination of Confidential Information shall be made to persons not included in Paragraph 4 above, all such persons shall be subject to the terms and conditions of this Order.

7. Any Confidential Information submitted to the Court in connection with a motion, trial or other proceeding within the purview of this action shall be filed with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted there from may be made part of the public record. Upon failure of the filing party to so file a document under seal, the producing party shall request that the court place the documents under seal.

8. This Order shall not prevent a party from providing Confidential Information to the Court or the trier of fact during any trial of this action. This Order shall not preclude the offering or receipt of evidence at trial. The parties reserve all rights to apply to the Court for protection with respect to the confidentiality of testimony or other evidence at trial and/or to raise any objections as to the admissibility of the documents.

9. The parties and counsel for any party shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the individual or entity asserting confidential treatment with respect to any Confidential Information designated by said individual or entity in accordance with this Order.

10. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry into this Order, nor the

designation of any information, document or the like as "Confidential", nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

11.  If Confidential Information submitted in accordance with this Order are disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

12.  In the event that any party disagrees with the designation of any document or information as "Confidential", such party shall advise the party asserting confidential treatment of the objection and identify the document or item.  Within 14 days of receiving information designated as confidential, the receiving party must either object to the designation, or else waive any objection to the designation.  A party who objects to the designation shall within that 14 day period, serve objections to the designation and requests in writing a conference to resolve the conflict.  The party asserting the designation is responsible for making good faith efforts to arrange that conference.  If the parties cannot resolve the objections to the designation, the party asserting the designation of confidentiality shall move the Court within 14 days of receiving the objections, for a protective order under Rule 26(c).  During the pendency of any such motion, the designated document or item shall continue to be treated as "Confidential," as the case may be, and subject to the provisions of this Order until such time as the Court rules otherwise.

13.  Within sixty (60) days after final termination of this lawsuit, the parties shall assemble and return to the party asserting confidential treatment all items containing confidential information submitted in accordance with this Order and all documents that the parties in good

faith believe contain or constitute Confidential Information, including all copies of such materials which may have been made, but not including copies containing notes or other attorney work product that may have been placed thereon by counsel for the parties. At the option of the party asserting confidential treatment, the parties may elect to destroy all items constituting or containing Confidential Information submitted in accordance with this protective order. If either party elects to have its Confidential Information destroyed rather than returned, the other party shall send written verification that the documents have in fact been destroyed. All copies containing notes or other attorneys' work product shall be destroyed. In addition, all summaries, extracts or compilations taken from such Confidential Information shall be destroyed.

14. This Order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the court in this matter shall retain jurisdiction over all parties bound hereby for the purposes of this Order.

15. Nothing in this Order shall preclude any party from using its, his or her own Confidential Information in any manner it, he or she chooses.

IT IS SO ORDERED.

Dated: 1 July 2008

_____
JUDGE